1  Charles S. Barquist (CA Bar # 133785)
2      cbarquist@mabr.com
   **MASCHOFF BRENNAN LAYCOCK**
3       **GILMORE ISRAELSEN & WRIGHT, PLLC**
4  300 S. Grand Ave.
   14th Floor
5  Los Angeles, CA  90071
   Telephone: (949) 202-1900
6  Facsimile: (949) 453-1104
7
8  Additional counsel listed on next page.
9  Attorneys for Plaintiffs

10                  **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
                       **WESTERN DIVISION**
12

13  KONINKLIJKE PHILIPS N.V. and          CASE NO. 2:19-cv-01366
    PHILIPS NORTH AMERICA LLC,
14                                         **COMPLAINT FOR PATENT**
             Plaintiffs,                   **INFRINGEMENT**
15
16           v.                            **JURY TRIAL DEMANDED**

17  TONGFANG GLOBAL INC.,
18  TONGFANG GLOBAL LTD.,
    WESTINGHOUSE ELECTRONICS,
19  LLC, WESTINGHOUSE ELECTRONICS
    LTD., TSINGHUA TONGFANG CO.,
20  LTD., SHENYANG TONGFANG
    MULTIMEDIA TECHNOLOGY CO.,
21  LTD., SEIKI CORP., AND SEIKI
    DIGITAL, INC.
22
23
24           Defendants.

25
26
27
28

1

2  Frank A. DeCosta, III (*pro hac vice* forthcoming)
      frank.decosta@finnegan.com
3  Aliza George Carrano (*pro hac vice* forthcoming)
      aliza.carrano@finnegan.com
4  Justin N. Mullen (*pro hac vice* forthcoming)
5      justin.mullen@finnegan.com
6  **FINNEGAN, HENDERSON, FARABOW,**
      **GARRETT & DUNNER, LLP**
7  901 New York Avenue NW
8  Washington, DC 20001
   Telephone: (202) 408-4000
9  Facsimile: (202) 408-4400

10
   Alexander M. Boyer (*pro hac vice* forthcoming)
11      alexander.boyer@finnegan.com
12 **FINNEGAN, HENDERSON, FARABOW,**
      **GARRETT & DUNNER, LLP**
13 Two Freedom Square
14 11955 Freedom Drive
   Reston, VA 20190
15 Telephone: (571) 203-2700
16 Facsimile: (202) 408-4400

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Koninklijke Philips N.V. ("Philips N.V.") and Philips North America LLC ("Philips North America") (collectively, "Plaintiffs" or "Philips"), by counsel and pursuant to Federal Rule of Civil Procedure 8, hereby allege the following in support of their Complaint against Tongfang Global Inc., Tongfang Global Ltd., Westinghouse Electronics, LLC, Westinghouse Electronics Ltd., Tsinghua Tongfang Co., Ltd., Shenyang Tongfang Multimedia Technology Co., Ltd., Seiki Corp., and Seiki Digital, Inc. (collectively "Defendants" or "Tongfang Global"):

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, by Philips against Defendants for infringement of U.S. Patent No. 9,590,977 ("the '977 patent") and U.S. Patent No. 7,052,152 ("the '152 patent") (collectively, "the Asserted Patents"). Plaintiffs assert these patents against Defendants for the unauthorized making, using, offering to sell, selling, and/or importing of instrumentalities practicing the subject matter claimed in the Asserted Patents.

## PARTIES

2.     Plaintiff Koninklijke Philips N.V. is a corporation duly organized and existing under the laws of the Netherlands. Its principal place of business is High Tech Campus 5, 5656 AE Eindhoven, the Netherlands.

3.     Plaintiff Philips North America LLC is a limited liability company duly organized and existing under the laws of Delaware. Its principal place of business is 3000 Minuteman Road, Andover, Massachusetts, 01810.

4.     On information and belief, Defendant Tongfang Global Inc. is a corporation organized under the laws of California having a principal place of business at 6255 Providence Way, Eastvale, CA 92880.

5.     On information and belief, Defendant Tongfang Global Inc.'s registered agent is Andy Huang, located at 6255 Providence Way, Eastvale, CA 92880.

6.    On information and belief, Tongfang Global Inc. is a subsidiary of Tongfang Global Ltd.

7.    On information and belief, Defendant Tongfang Global Ltd. is a corporation organized under the laws of China having a principal place of business at Rm. 3312 33/F Shui On Ctr., 6-8 Harbour Rd, Wan Chai, Hong Kong, Hong Kong SAR.

8.    On information and belief, Tongfang Global Ltd. is a parent company of Tongfang Global Inc. and Westinghouse Electronics Ltd.

9.    On information and belief, Defendant Westinghouse Electronics, LLC is a limited liability company organized under the laws of California having a principal place of business at 6255 Providence Way, Eastvale, CA 92880.

10.    On information and belief, Defendant Westinghouse Electronics Ltd. is a corporation organized under the laws of China having a principal place of business at Rm. 2105 21/F Wing On Ctr., 111 Connaught Rd C, Sheung Wan, Hong Kong, Hong Kong SAR.

11.    On information and belief, Westinghouse Electronics Ltd. is a subsidiary of Tongfang Global Ltd.

12.    On information and belief, Defendant Tsinghua Tongfang Co., Ltd. ("Tsinghua Tongfang") is a corporation organized under the laws of China having a principal place of business at 30/F, Tower A, Tsinghua, Tongfang High-Tech Plaza, No. 1, Wangzhua, Beijing, Beijing 100083, China.

13.    On information and belief, Defendant Shenyang Tongfang Multimedia Technology Co., Ltd. ("Tongfang Multimedia") is a corporation organized under the laws of China having a principal place of business at No. 10, Nanping East Road, Hunnan New Area, Shenyang, Liaoning 110179, China.

14.    On information and belief, Tongfang Global Ltd. and Tongfang Multimedia are subsidiaries of Tsinghua Tongfang.

COMPLAINT FOR PATENT INFRINGEMENT

15.     On information and belief, Defendant Seiki Corp. is a corporation organized under the laws of California having a principal place of business at 12246 Colony Ave., Chino, CA 91710.

16.     On information and belief, Defendant Seiki Corp.'s registered agent is Kevin Liu, located at 801 S. Garfield Ave., Suite 338, Alhambra, CA 91801.

17.     On information and belief, Defendant Seiki Corp. was formerly known as Kelly Digital Inc.

18.     On information and belief, Defendant Seiki Digital, Inc. is a corporation organized under the laws of California having a principal place of business at 12246 Colony Ave., Chino, CA 91710.

19.     On information and belief, Defendant Seiki Digital, Inc.'s registered agent is Tak Hung Lam, located at 12246 Colony Ave., Chino, CA 91710.

**JURISDICTION AND VENUE**

20.     This action arises under the patent laws of the United States, Title 35 U.S.C. §§ 1, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

21.     This Court has personal jurisdiction over Tongfang Global Inc., Westinghouse Electronics, LLC, Seiki Corp., and Seiki Digital, Inc. because these entities are incorporated in the State of California.

22.     On information and belief, this Court has personal jurisdiction over Defendants because each of the Defendants has, directly or through intermediaries, established minimum contacts with the forum such that the exercise of personal jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

23.     On information and belief, each of the Defendants has regularly and purposefully availed itself of the privilege of conducting business activities within California and this Judicial District. On information and belief, Defendants have purposefully availed themselves of the rights and benefits of California law and have

engaged in systematic and continuous contacts with California. On information and belief, Defendants derive substantial revenue from the sale of infringing products and/or services in California and have availed themselves of the privilege of conducting business within California.

24.     On information and belief, personal jurisdiction is proper because Defendants have committed acts of infringement in this Judicial District. This Court has personal jurisdiction over Defendants because, *inter alia*, this action arises from activities Defendants directed towards California.

25.     Exercising personal jurisdiction over Defendants in this District would not be unreasonable given Defendants' contacts in this District, the interest in this District of resolving disputes related to products and/or services sold herein, and the harm that would occur to Plaintiffs.

26.     In addition, Defendants have knowingly induced, and continue to knowingly induce, infringement within this District by advertising, marketing, offering for sale and/or selling devices with hardware and/or software containing infringing functionality within this District, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials which facilitate, direct, or encourage the use of infringing functionality with knowledge thereof.

27.     For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Defendants.

28.     Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendants are either incorporated in the State of California and reside in this Judicial District, or are foreign entities amenable to suit in any U.S. district. Defendants have additionally engaged and continue to engage in infringing activity in this Judicial District.

## FACTUAL BACKGROUND

29.    Philips is a world-renowned company that engages in research and development in numerous technological fields. One of these fields pertains to televisions and set-top boxes for delivering and displaying content to users. Exemplary products in this field include television receivers and television display devices, including high-definition televisions, media-receivers, and cable, satellite, terrestrial or set-top boxes. The Asserted Patents derive from Philips' efforts in this field and claim protection for, among other things, delivering and displaying content.

30.    Philips operates a global patent licensing program that includes the Asserted Patents. While other manufacturers using the patented technology have taken licenses to the Asserted Patents, Defendants have refused to engage in any licensing discussions to date and continue to infringe the '977 and '152 patents.

31.    The United States Patent and Trademark Office ("USPTO") issued the '977 patent to inventor Franciscus L. A. J. Kamperman on March 7, 2017. The '977 patent bears the title "Secure Authenticated Distance Measurement." A true and accurate copy of the '977 patent is attached as Exhibit A.

32.    Plaintiff Koninklijke Philips N.V. is the owner and assignee of all rights, title, and interest in the '977 patent, and holds the right to sue and recover damages for infringement thereof, including current and past infringement.

33.    On May 30, 2006, the USPTO issued the '152 patent to inventors Gerard Harbers and William D. Collins, III. The '152 patent bears the title "LCD Backlight Using Two-Dimensional Array LEDs." A true and accurate copy of the '152 patent is attached as Exhibit B.

34.    Plaintiff Philips North America LLC is the owner and assignee of all rights, title, and interest in the '152 patent, and holds the right to sue and recover damages for infringement thereof, including current and past infringement. Philips Electronics North America Corporation, currently identified as the assignee of the '152 patent, is now known as Philips North America LLC.

35.     Defendants had knowledge of the Asserted Patents in advance of the filing of this Complaint.

36.     On June 22, 2016, Philips sent a letter to Mr. Mickey Cho, then General Manager of Tongfang Global Inc., notifying Mr. Cho that several televisions sets made by Tongfang Global and sold under the brands of Westinghouse, Seiki, and Element infringe the '152 patent. Philips also identified two exemplary infringing products, including Westinghouse television model WD50UC4300 and Seiki television model SE42UMS. Philips expressed a willingness to license the '152 patent and others for both past use and future use.

37.     Four months later on October 19, 2016, Mr. Cho responded with a LinkedIn message stating that he was traveling and would be back in Los Angeles within a week to consider Philips' letter. Philips promptly responded to Mr. Cho's message that same day, indicating to Mr. Cho that Philips takes enforcement of its intellectual property very seriously and requesting contact information for Tongfang Global Inc.'s IP counsel. Mr. Cho did not respond to this message or follow up his initial LinkedIn message.

38.     On November 10, 2016, Philips sent a second letter indicating Defendants had yet to respond to the June 2016 letter. The November 10, 2016 letter again identified several exemplary Westinghouse, Seiki, and Element televisions made and sold by Tongfang Global Inc. and its affiliates that infringe Philips' patents. Philips also identified, among others, the '152 patent. Defendants did not respond to this letter.

39.     On September 11, 2017, Philips sent a third letter to Mr. Cho and Tongfang Global Inc. summarizing Philips' attempts to communicate with Defendants and reiterating that several Westinghouse, Seiki, and Element televisions made and sold by Tongfang Global Inc. and its affiliates infringe Philips' patents. Philips identified the '152 patent and the '977 patent in this letter. Philips additionally provided claim charts for the '152 and '977 patents, identifying exemplary infringing products and comparing them to one or more claims of the '152 and '977 patents. Philips identified three

1   exemplary infringing products, including Westinghouse television model

2   WD50UC4300, Seiki television model SE42UMS, and Element television model

3   EL4KAMZ4317. Philips forwarded this third letter via email to Pengqi Liu, Senior

4   Legal Manager of Tsinghua Tongfang.

5          40.     Receiving no substantive response from Defendants to its September

6   2017 letter, Philips' counsel sent a final letter on April 20, 2018, requesting that

7   Defendants engage in meaningful licensing discussions. Philips set a deadline, which

8   has now passed, for Defendants to respond and again attached claim charts for the '977

9   patent for Defendants to consider. No response was received.

10         41.     On information and belief, Mr. Cho is now the current president of

11   Seiki Corp.

12         42.     Based on at least these letters, Defendants have had knowledge of the

13   '152 patent in advance of the filing of this Complaint. At the very latest, Defendants

14   were provided notice they were infringing the '152 patent upon receiving Philips' letter

15   dated June 22, 2016.

16         43.     Defendants also had knowledge of the '977 patent in advance of the

17   filing of this Complaint. At the very latest, Defendants were provided notice they were

18   infringing the '977 patent upon receiving Philips' letter dated September 11, 2017.

19                        **DEFENDANTS' INFRINGING ACTIVITIES**

20         44.     Upon information and belief, Defendants are, and have been, engaged

21   in manufacturing and/or having manufactured, selling and/or offering to sell within the

22   United States, using in the United States, and/or importing into the United States

23   televisions with hardware and/or software containing functionality covered by one or

24   more claims of the '977 and '152 patents ("Accused Devices").

25         45.     Non-limiting examples of the Accused Devices manufactured, sold,

26   offered for sale, used, and/or imported by or for Defendants include various

27   Westinghouse, Element, and Seiki-branded 4K ultra high-definition televisions. On

28   information and belief, these televisions have been sold within this Judicial District,

1   without limitation, through https://www.elementelectronics.com/tvs/4k-ultra-hd/,

2   https://www.elementelectronics.com/tvs/fire-tv-edition/, http://westinghouseelectronic

3   s.com/products/#mobile_product_list, and https://www.seiki.com/tvs/, and the websites

4   and retail locations of third parties, *see, e.g.*, https://www.bestbuy.com/site/tvs/4k-ultra-

5   hd-tvs/pcmcat333800050003.c?id=pcmcat333800050003&qp=brand_facet%3D

6   Brand~Westinghouse, https://www.walmart.com/ip/ELEMENT-65-Class-4K-2160P-

7   UHD-Smart-LED-TV-E4SW6518/597731618, and https://www.walmart.com/ip/

8   Seiki-65-Class-4K-Ultra-HD-2160P-Smart-LED-TV-SC-65UK700N/600586997.

9       46.    Upon information and belief, Defendants purposefully direct sales and

10   offers for sale of the Accused Devices, including those specifically identified below,

11   toward the state of California, including this Judicial District.

12       47.    Upon information and belief, Defendants maintain established

13   distribution channels within the United States that permit Defendants to ship the

14   Accused Devices, including those specifically identified in this Complaint, to the state

15   of California, including this Judicial District.

16   **FIRST CAUSE OF ACTION**

17   **INFRINGEMENT OF U.S. PATENT NO. 9,590,977**

18       48.    The allegations of each of foregoing paragraphs are incorporated by

19   reference as if fully set forth herein.

20       49.    The '977 patent is valid and enforceable.

21       50.    Defendants, in violation of 35 U.S.C. § 271, have infringed and continue

22   to infringe at least claim 1 of the '977 patent by making, using, offering to sell, selling,

23   and/or importing the Accused Devices that embody and/or practice the features claimed

24   in the '977 patent, either literally and/or under the doctrine of equivalents, either

25   individually and/or jointly with their customers selling, offering to sell, selling, and/or

26   using the Accused Devices. Defendants' Accused Devices include, but are not limited

27   to, Westinghouse, Element, and Seiki-branded 4K ultra high-definition televisions.

28   Exemplary infringing Westinghouse-branded 4K televisions include, but are not limited

to, Westinghouse model numbers WD50UC4300, WE55UB4417, and WG43UX4100. Exemplary infringing Element-branded 4K televisions include, but are not limited to, Element model numbers EL4KAMZ4317 and E4SFT5517. Exemplary infringing Seiki-branded 4K televisions include, but are not limited to, Seiki model numbers SE42UMS and SC55UK700N.

51.     The Accused Devices infringe one or more claims of the '977 patent. For example, claim 1 of the '977 patent is directed to a receiving device for determining whether data stored on a first device can be accessed by performing secure authenticated distance measurement. The Accused Devices embody the claimed invention, without limitation, by including functionality that supports technology for streaming multimedia between devices, including hardware and software that perform secure, authenticated distance measurements in compliance with at least the HDCP 2.0 specification or higher. This hardware and software infringes each element of at least claim 1 of the '977 patent, either literally and/or under the doctrine of equivalents.

52.     Defendants have indirectly infringed and continue to indirectly infringe at least claim 1 of the '977 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by actively inducing their customers to sell, offer to sell, and/or use the Accused Devices to directly infringe the '977 patent. This includes Defendants taking active steps to encourage and facilitate others' direct infringement of the '977 patent with knowledge or willful blindness of that infringement. Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, with software containing infringing functionality, to consumers, customers, manufacturers, distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials that facilitate, direct, or encourage the direct infringement of the '977 patent by others with knowledge thereof. *See, e.g.*, https://www.bestbuy.com/site/westinghouse-55-class-led-2160p-smart-4k-uhd-tv-with-hdr/6254810.p?skuId=6254810,          https://www.amazon.com/All-New-

Element-4K-Ultra-HD-Smart-TV-Fire-TV-Edition-43-Inch/dp/B06XD4SXWD,    and
https://www.walmart.com/ip/SEIKI-55-Class-4K-Ultra-HD-2160P-Smart-LED-TV-
SC55UK700N/648006759.

53.    Defendants have contributed to the infringement of, and continue to contribute to the infringement of, at least claim 1 of the '977 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by selling, offering to sell, and/or importing within or into the United States the Accused Devices, including those that implement secure authenticated distance measurement to stream content. The hardware and software used to perform this distance measurement constitute a material part of the invention of the '977 patent, are known by Defendants to be especially made or adapted for use in infringing the patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

54.    Defendants have had actual knowledge of the '977 patent at least by virtue of letters from Philips dated September 11, 2017 and April 20, 2018, providing notice of the patent and detailing Defendants' infringement.

55.    Philips N.V. is entitled to recover damages under 35 U.S.C. § 284 to adequately   compensate   for   Defendants'   infringement.   Defendants'   ongoing infringement is willful and deliberate, as Defendants became aware of the infringing nature of the Accused Devices at least by September 11, 2017.

56.    Philips N.V. has been and continues to be damaged and irreparably harmed by Defendants' infringement of the '977 patent. This irreparable harm will continue unless this Court enjoins Defendants.

57.    Defendants' conduct in infringing the '977 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**SECOND CAUSE OF ACTION**

**<u>INFRINGEMENT OF U.S. PATENT NO. 7,052,152</u>**

58.    The allegations of each foregoing paragraphs are incorporated by reference as if fully set forth herein.

59.     The '152 patent is valid and enforceable.

60.     Defendants, in violation of 35 U.S.C. § 271, have infringed and continue to infringe at least claim 1 of the '152 patent by making, using, offering to sell, selling, and/or importing the Accused Devices practicing the features claimed in the '152 patent, either literally and/or under the doctrine of equivalents, either individually and/or jointly with their customers using the Accused Devices. Defendants' Accused Devices include, but are not limited to, Westinghouse, Element, and Seiki-branded 4K ultra high-definition televisions. Exemplary infringing Westinghouse-branded 4K televisions include, but are not limited to, Westinghouse model number WD50UC4300. Exemplary infringing Element-branded 4K televisions include, but are not limited to, Element model number EL4KAMZ4317. Exemplary infringing Seiki-branded 4K televisions include, but are not limited to, Seiki model number SE42UMS.

61.     For example, claim 1 of the '152 patent is directed to a display device that includes a housing with reflective surfaces, an array of backlight LEDs having a pitch range, and a diffuser. The Accused Devices embody the claimed invention, without limitation, by including the claimed backlight structure with LEDs arranged in a pitch falling within the claimed range. Defendants' Accused Devices infringe each element of at least claim 1 of the '152 patent, either literally and/or under the doctrine of equivalents.

62.     Defendants have indirectly infringed and continue to indirectly infringe at least claim 1 of the '152 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by actively inducing their customers to sell, offer to sell, and/or use the Accused Devices to directly infringe the '152 patent. This includes Defendants taking active steps to encourage and facilitate others' direct infringement of the '152 patent with knowledge or willful blindness of that infringement. Upon information and belief, these affirmative acts include, without limitation, advertising, marketing, promoting, offering for sale and/or selling the above-referenced devices, with software containing infringing functionality, to consumers, customers, manufacturers,

distributers, resellers, partners, and/or end users, and providing instructions, user manuals, advertising, and/or marketing materials that facilitate, direct, or encourage the direct infringement of the '152 patent by others with knowledge thereof. *See, e.g.*, https://www.bestbuy.com/site/reviews/westinghouse-50-class-49-5-diag--led-2160p-smart-4k-ultra-hd-tv/9660184, https://www.walmart.com/ip/Seiki-SE42UM-42-Inch-4K-Ultra-HD-60Hz-LED-TV-Black/48518879, https://www.amazon.com/All-New-Element-4K-Ultra-HD-Smart-TV-Fire-TV-Edition-43-Inch/dp/B06XD4SXWD.

63.     Defendants have contributed to the infringement of, and continue to contribute to the infringement of at least claim 1 of the '152 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by selling, offering to sell, and/or importing within or into the United States the Accused Devices, including those with an LED backlight structure as claimed in the '152 patent. This backlight structure constitutes a material part of the invention of the '152 patent, is known by Defendants to be especially made or adapted for use in infringing the patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

64.     Defendants have had actual knowledge of the '152 patent at least by virtue of every letter enumerated above (paragraph 36) from Philips, including the earliest letter dated June 22, 2016, which provided notice of the patent and detailed Defendants' infringement.

65.     Philips North America is entitled to recover damages under 35 U.S.C. § 284 to adequately compensate for Defendants' infringement. Defendants' ongoing infringement is willful and deliberate, as Defendants became aware of the infringing nature of the Accused Devices at least by June 22, 2016.

66.     Philips North America has been and continues to be damaged and irreparably harmed by Defendants' infringement of the '152 patent. This irreparable harm will continue unless this Court enjoins Defendants.

67.     Defendants' conduct in infringing the '152 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment as follows:

(a)    A judgment that Defendants have directly infringed, indirectly infringed, and induced others to infringe one or more claims of each of the Asserted Patents;

(b)    A permanent injunction under 35 U.S.C. § 283, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts of infringement, inducing infringement, and/or contributing to the infringement of the Asserted Patents;

(c)    A judgment against Defendants for money damages sustained as a result of Defendants' infringement of the Asserted Patents in an amount to be determined at trial as provided under 35 U.S.C. § 284, including enhanced damages due to, for example, Defendants' willful infringement of the Asserted Patents;

(d)    An accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

(e)    An award of pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

(f)    A finding that this case is an exceptional case under 35 U.S.C. § 285;

(g)    An award of reasonable attorneys' fees and costs incurred in connection with this action;

(h)    A compulsory future royalty; and

(i)    Any and all other relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues in this action so triable.

1

2
Dated:  February 22, 2019

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MASCHOFF BRENNAN LAYCOCK
GILMORE ISRAELSEN & WRIGHT, PLLC

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP

By: */s/ Charles S. Barquist*

   Charles S. Barquist
   MASCHOFF BRENNAN LAYCOCK
      GILMORE ISRAELSEN
      & WRIGHT, PLLC

   Frank A. DeCosta, III
   Aliza George Carrano
   Justin N. Mullen
   FINNEGAN HENDERSON FARABOW
      GARRETT & DUNNER, LLP

   Alexander M. Boyer
   FINNEGAN HENDERSON FARABOW
      GARRETT & DUNNER, LLP

   **Attorneys for Plaintiffs**
   **Koninklijke Philips N.V. and**
   **Philips North America LLC**